United States Court of Appeals,

Fifth Circuit.

No. 97-50152

Summary Calendar.

Richard D. LAFLEUR, Plaintiff-Appellee,

v.

TEXAS DEPARTMENT OF HEALTH, et al., Defendants,

and

Susan Steeg, Defendant-Appellant.

Oct. 31, 1997.

Appeal from the United States District Court for the Western District of Texas.

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:

The Appellant, Susan Steeg ("Steeg") appeals the denial of qualified immunity on the Appellee's, Richard Lafleur ("Lafleur"), § 1983 claim against her. Lafleur's § 1983 claim alleged "an equal protection violation to be free from age discrimination in employment." Lafleur's cause of action also alleges a claim of age discrimination against the Texas Department of Health brought under the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE § 21.001, et seq.[1]

Specifically, Lafleur complains that Steeg prevented him from receiving a pay raise, while approving raises for other persons in

---

[1] Lafleur's state law claim of age discrimination under the TCHRA is not preempted by the Age Discrimination in Employment Act, 29 U.S.C. § 601 et seq. *See* 29 U.S.C. § 633; *Pointer v. Crown Cork & Seal Co., Inc.,* 791 F.Supp. 164 (S.D.Tex.1992).

her department who had less experience and were under age forty. We note that Lafleur's complaint refers to "younger employees receiving the raises," thus Lafleur is not asserting a gender based claim under § 1983. Because we conclude that Lafleur's § 1983 claim is preempted by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., we reverse and remand with instructions to dismiss the § 1983 cause of action.

Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights. *Jackson v. City of Atlanta, Tex.,* 73 F.3d 60, 63 (5th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 70, 136 L.Ed.2d 30 (1996); *Hobbs v. Hawkins,* 968 F.2d 471, 475 (5th Cir.1992). The Supreme Court in *Golden State Transit Corp. v. City of Los Angeles,* 493 U.S. 103, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989) (*Golden II* ), articulated a two-part test to determine whether a § 1983 remedy exists: (1) if the plaintiff asserts the violation of a federal right, then a § 1983 remedy exists unless, (2) the defendant can show that Congress specifically foreclosed a remedy under § 1983 by providing a comprehensive enforcement mechanism for protection of a federal right. *Id.* at 106, 110 S.Ct. at 448. Likewise, this Court has stated that where Congress has enacted a statute that covers a specific substantive area providing specific remedies, a cause of action under § 1983 is foreclosed. *Britt v. Grocers Supply Co., Inc.,* 978 F.2d 1441, 1447-48 (5th Cir.1992); *Irby v. Sullivan,* 737 F.2d 1418, 1428 (5th Cir.1984) (section 1983 is not available when

2

the governing statute provides an exclusive remedy for violations of its terms).

We note that this Court has not squarely addressed the question of whether the ADEA preempts a non-federal employee's § 1983 claim of age discrimination. In *Paterson v. Weinberger,* 644 F.2d 521 (5th Cir.1981) this Court held that a federal employee's Fifth Amendment age discrimination claim was preempted by § 633a of the ADEA, as the ADEA "was intended to provide [the] exclusive remedy for age discrimination". *Id.* 644 F.2d at 525. (citation omitted).

Further, we also recognize that the Court in *Britt,* in answering the question of whether the ADEA preempted the National Labor Relations Act, broadly held that "Congress intended the ADEA to be the exclusive remedy for age discrimination claims." *Britt,* 978 F.2d at 1449. The Court, as part of its reasoning, noted that "a number of cases ... hold that an age discrimination claim brought under § 1983 is preempted by the ADEA." *Id.* 978 F.2d at 1448. Although dicta, we agree, as have other courts, with this proposition. *See, e.g., Zombro v. Baltimore City Police Dept.,* 868 F.2d 1364 (4th Cir.1989) (holding that plaintiff could not maintain an action for age discrimination under § 1983 because the claim fell within scope of the ADEA); *White v. Frank,* 718 F.Supp. 592, 595 (W.D.Tex.1989), *aff'd,* 895 F.2d 243 (5th Cir.1990); *Ring v. Crisp County Hosp. Auth.,* 652 F.Supp. 477, 482 (M.D.Ga.1987) (rejecting plaintiff's equal protection claim under § 1983 and holding that the ADEA was the exclusive remedy for claims of age

3

discrimination, whether those claims are founded on the Constitution or on rights created by the ADEA); *Gregor v. Derwinski,* 911 F.Supp. 643 (W.D.N.Y.1996) (following *Zombro* ).

Accordingly, because Congress has enacted a statutory provision to confront age discrimination in the work place via the ADEA, and based on this circuit's opinion that the ADEA is the sole remedy for persons who have been discriminated against based on their age, we are compelled to hold that where a plaintiff asserts a claim of age discrimination under § 1983 and where the facts alleged will not independently support a § 1983 claim, the plaintiff's age discrimination claim is preempted by the ADEA. Consequently, because Lafleur has not alleged any facts which would support an independent claim under § 1983, Lafleur's § 1983 age discrimination claim is preempted by the ADEA. We express no opinion as to the merit of Lafleur's claims.

Thus, finding that Lafleur's § 1983 claim is preempted by the ADEA, we reverse the district court's order and remand with instructions to dismiss such claim. *See, e.g. Jackson v. City of Atlanta, Tex.,* 73 F.3d 60, 64 (5th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 70, 136 L.Ed.2d 30 (1996).

REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS.