**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LINDA AHLMEYER,
            *Plaintiff-Appellant,*

            v.

NEVADA SYSTEM OF HIGHER
EDUCATION; MIKE REED,
            *Defendants-Appellees.*

No. 06-15654

D.C. No.
CV-05-00557-ECR

OPINION

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Argued and Submitted
January 18, 2008—San Francisco, California

Filed February 18, 2009

Before: John T. Noonan, William A. Fletcher, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## COUNSEL

Jeffrey A. Dickerson, Reno, Nevada, for the appellant.

Mary Phelps Dugan, General Counsel, Nevada System of Higher Education, Reno, Nevada, for the appellee.

## OPINION

BEA, Circuit Judge:

Congress passed the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, to promote the employment of older persons and prohibit arbitrary discrimination by employers based on age. *See* 29 U.S.C. § 621(b). Congress crafted a detailed administrative scheme with complex enforcement mechanisms to accomplish these goals. When a district court dismissed Linda Ahlmeyer's ADEA claim because it was barred by the Eleventh Amendment, Ahlmeyer moved to amend her complaint so she could vindicate the same alleged wrong—workplace discrimination based on her age—through 42 U.S.C. § 1983. The district court denied Ahlmeyer's motion as futile and, pursuant to the parties' stipulated dismissal of Ahlmeyer's remaining claims, entered an order dismissing the claims with prejudice. Because we hold the ADEA is the exclusive enforcement mechanism for claims of age discrimination in employment, we affirm.

## I.    Factual and Procedural Background

On October 17, 2005, Ahlmeyer filed a complaint in district court against the Nevada System of Higher Education ("NSHE") and her former supervisor Mike Reed. The complaint alleged that Ahlmeyer, who was over forty years old, was not allowed to take classes during work hours and was denied requests for an assistant, unlike her younger coworker. Ahlmeyer also contended she was written up and given substandard evaluations based on actions for which younger employees were not reprimanded. The complaint contained three claims, only one of which is at issue in this appeal:[1] the NSHE violated the ADEA.

The NSHE and Reed moved for partial summary judgment on Ahlmeyer's ADEA claim, on the basis that the claim was barred by the Eleventh Amendment to the federal Constitution.[2] In response, Ahlmeyer moved to amend her complaint and replace the ADEA claim with a § 1983 claim against Reed personally, based on claimed age discrimination in violation of the Equal Protection Clause. Under *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000), the district court concluded

---

[1]Ahlmeyer also contended (1) the NSHE unlawfully retaliated against her after she filed a complaint with the Nevada Equal Rights Commission and (2) Reed violated 42 U.S.C. § 1983 by engaging in adverse actions against Ahlmeyer as a result of her Nevada Equal Rights Commission complaint, which constituted protected speech on a matter of public concerns. The parties stipulated to the dismissal of these claims, and Ahlmeyer appealed only the district court's denial of her motion to amend her complaint.

[2]The Eleventh Amendment provides as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Pursuant to the Eleventh Amendment, states are sovereign entities immune from lawsuits of individual citizens; Congress can abrogate this immunity only if it unequivocally states its intent to do so and acts "pursuant to a valid exercise of power." *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996).

Ahlmeyer's ADEA claim against the NSHE was barred by the Eleventh Amendment. Therefore, the district court granted the NSHE's and Reed's motion for partial summary judgment and dismissed Ahlmeyer's ADEA claim. The district court also denied Ahlmeyer's motion to amend her complaint, holding the ADEA creates an exclusive remedy for age discrimination by employers; no claim for relief for age discrimination exists under § 1983. On March 23, 2006, the parties stipulated to dismissal of the remaining claims, and the district court entered an order dismissing the claims with prejudice.

Ahlmeyer appealed the district court's denial of her motion to amend. She contends the ADEA does not preclude her § 1983 claim against Reed individually.

## II.   Jurisdiction

As a preliminary matter, the NSHE and Reed contend this court lacks jurisdiction to hear this case, because Ahlmeyer did not appeal from a final decision of the district court as required by 28 U.S.C. § 1291. This claim is without merit. It cannot be disputed that the district court's March 23, 2006, order dismissing all remaining claims in the action constituted a final decision of the district court. The NSHE and Reed contend this court lacks jurisdiction, however, because Ahlmeyer's notice of appeal did not expressly reference the March 23, 2006, order.

A notice of appeal generally must specify the "judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Nonetheless, this court repeatedly has held "a mistake in designating the judgment appealed from should not bar appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced by the mistake." *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1481 (9th Cir. 1986) (internal quotation marks and citation omitted). "In determining whether 'intent' and 'preju-

dice' are present, we apply a two-part test: first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue." *Id.*

Ahlmeyer's notice of appeal meets both of these requirements. First, the notice of appeal stated precisely the issue presented to this court: whether the district court erred in denying Ahlmeyer's motion to amend her complaint. Second, the NSHE and Reed had the opportunity fully to brief the issue on appeal and did so. Therefore, this court has jurisdiction to hear Ahlmeyer's claim.

## III.   Motion to Amend

### A.   Standard of Review

We review a district court's denial of a motion to amend a complaint for abuse of discretion. *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004). Although five factors generally are considered when assessing the propriety of a motion to amend,[3] futility of amendment alone can justify the denial of a motion. *Id.* A district court's exercise of discretion based on an erroneous interpretation of the law constitutes an abuse of discretion. *In re Arden*, 176 F.3d 1226, 1228 (9th Cir. 1999).

### B.   Preclusion Standard for § 1983 Claims

Ahlmeyer attempted to assert her age discrimination claim against Reed as an action under § 1983 to vindicate her constitutional right to equal protection. Her claim can proceed only if the ADEA is not the exclusive remedy for claims of age discrimination in employment.

---

[3]The five factors are bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Johnson*, 356 F.3d at 1077.

**[1]** Title 42 U.S.C. § 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 claims are not available, however, where Congress has evinced an intent to preclude such claims through other legislation. *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n* (*Sea Clammers*), 453 U.S. 1, 19-20 (1981). This congressional intent can be inferred when Congress has passed a sufficiently comprehensive legislative scheme to address violations of a given right. *Id.* ("When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983.").

## C.  Every circuit to consider the issue views the ADEA as the exclusive remedy for claims of age discrimination in employment.

**[2]** While this court has not ruled whether the ADEA is the exclusive remedy for age discrimination in employment claims, every other circuit to consider the question has so held. The leading case to hold the ADEA precludes § 1983 actions in the area of age discrimination in employment is *Zombro v. Baltimore City Police Department*, 868 F.2d 1364 (4th Cir. 1989). We find the reasoning of *Zombro* particularly persuasive.

In *Zombro*, a police officer asserted a § 1983 claim contending the Baltimore City Police Department ("Department") discriminated against him on the basis of age when the Department transferred him to a "job of lesser status." *Id.* at 1365. The district court granted summary judgment in favor of the Department. *Id.*

**[3]** On appeal, the Fourth Circuit analyzed the ADEA's complex enforcement scheme and observed, "If a violation of substantive rights under the ADEA could be asserted by way of a § 1983 action, the aggrieved party could avoid [the] specific provisions of the" ADEA.[4] *Id.* at 1366. Moreover, the "assertion that constitutional rights have somehow been infringed does not *ipso facto* defeat the coverage, application and exclusivity of a comprehensive statutory scheme enacted by Congress to redress the alleged violation of rights." *Id.* at 1368. The Fourth Circuit found the ADEA's remedies sufficiently comprehensive to demonstrate congressional intent to preclude § 1983 actions in the area of age discrimination in employment. *See id.* at 1368-69. Finally, the court examined the text and history of the ADEA and found it "implausible that Congress would have intended to preserve the private cause of action under § 1983 for age discrimination when that cause of action would severely undermine, if not debilitate, the enforcement mechanism created by Congress under the ADEA." *Id.* at 1369. The court concluded the ADEA forecloses § 1983 claims and affirmed the district court's grant of summary judgment. *Id.* at 1365, 1369.

The Fifth and Tenth Circuits have reached similar conclusions. *See Migneault v. Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998), *abrogated on other grounds by Kimel v. Fla. Bd. of*

---

[4]The court in *Zombro* referenced the following "specific statutory provisions":

> A prerequisite to the bringing of a private action is that the Equal Employment Opportunity Commission (EEOC) must be given sixty days notice. 29 U.S.C. § 626(d). This period is designed to give the EEOC time to mediate the grievance "by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(b). The right to commence a private action, it should be noted, terminates upon the filing of an action by the EEOC. 29 U.S.C. § 626(c). Finally, notification to the EEOC must be given within 180 days after the alleged unlawful actions took place, unless the party is also seeking state relief. 29 U.S.C. § 626(d)(1).

*Zombro*, 868 F.2d at 1366.

*Regents*, 528 U.S. 62 (2000), *reaffirmed by Migneault v. Peck*, 204 F.3d 1003, 1004 n.1 (10th Cir. 2000); *Lafleur v. Tex. Dep't of Health*, 126 F.3d 758, 760 (5th Cir. 1997).

No circuit to consider the issue of whether the ADEA precludes § 1983 claims has reached the opposite conclusion and allowed a § 1983 claim based on the same conduct to go forward. *See Mummelthie v. City of Mason City, Iowa*, 78 F.3d 589 (8th Cir. 1996) (per curiam) (unpublished table decision) (affirming on other grounds the district court's decision, which held *inter alia* that the ADEA is not the exclusive remedy for age discrimination); *Izquierdo Prieto v. Mercado Rosa*, 894 F.2d 467, 470 (1st Cir. 1990) (reversing the district court's judgment following a jury trial in favor of the plaintiff who asserted a § 1983 claim for age discrimination based on her transfer from television to radio, but not reaching the issue whether the ADEA precluded actions under § 1983, because the First Circuit found that the plaintiff failed, "as a matter of law, to establish any violation of her rights under the Constitution").

**[4]** We choose to follow the reasoning of the Fourth Circuit in *Zombro* and hold the ADEA precludes the assertion of age discrimination in employment claims, even those seeking to vindicate constitutional rights, under § 1983.[5]

### D.    The reasoning of the district courts that have held that the ADEA is not the exclusive remedy for age discrimination in employment is not persuasive.

District courts to hold the ADEA is not an exclusive remedy have relied on three main arguments: 1) the presumption

---

[5]Every circuit to consider the issue has concluded similarly that the ADEA is the exclusive remedy for age discrimination claims by federal employees. *See, e.g.*, *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006); *Lafleur*, 126 F.3d at 760; *Chennareddy v. Bowsher*, 935 F.2d 315, 318 (D.C. Cir. 1991); *Zombro*, 868 F.2d at 1369.

against the implied preclusion of another statute; 2) the similarity of the ADEA to Title VII, 42 U.S.C. § 2000-e *et seq.*; and 3) the fact that preclusion can leave a plaintiff with no remedy for age discrimination by a state actor.

### 1. The comprehensive remedial scheme of the ADEA overcomes the presumption against implied preclusion.

Although the implied preclusion of one statute by another is disfavored, *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987), the Supreme Court has held that, "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate Congressional intent to preclude the remedy of suits under § 1983," *Sea Clammers*, 453 U.S. at 19-20. The Fourth Circuit in *Zombro* analyzed the ADEA's enforcement mechanism and found it "no less specific and comprehensive" than the statutes at issue in *Sea Clammers*. *Zombro*, 868 F.2d at 1366-67.

The most comprehensive district court opinion holding the ADEA does not preclude § 1983 claims is *Mummelthie v. Mason City, Iowa*, 873 F. Supp. 1293 (N.D. Iowa 1995). The *Mummelthie* district court rejected the Fourth Circuit's use of the *Sea Clammers* doctrine in the context of the ADEA.[6] *Mummelthie*, 873 F. Supp. at 1313. The district court reasoned that *Sea Clammers* applies only to the question of whether a statute forecloses the use of § 1983 for a violation of the statute itself, as opposed to the "violation of rights with an independent source in the Constitution." *Id.* The court found the application of *Sea Clammers* invalid because it

---

[6]Of course, as noted above, the Eighth Circuit's affirmance was on a different ground completely. The court avoided the question of whether the ADEA precludes § 1983 claims, instead finding support in the record for the "district court's finding that [the alleged discriminatory] hiring decision was not based on Mummelthie's age." 78 F.3d at 589.

resulted in the implied repeal of § 1983 in the area of age discrimination in employment, and "[s]uch repeal by implication is disfavored." *Id.* at 1319.

The implied preclusion of one statute by another, while disfavored, is not impermissible. In fact, the *Sea Clammers* doctrine functions as an exception to the presumption against implied preclusion. The use of the *Sea Clammers* doctrine is applicable to the interplay between the ADEA and § 1983, as the *Zombro* court convincingly demonstrates. *Zombro*, 868 F.2d at 1366-67. Moreover, the Seventh Circuit has interpreted the *Sea Clammers* doctrine as applying to constitutional claims when the statutory claim and the constitutional claim are identical. *See Williams v. Wendler*, 530 F.3d 584, 586 (7th Cir. 2008). "When Congress enacts a comprehensive scheme for enforcing a statutory right that is identical to a right enforceable under 42 U.S.C. § 1983, which creates a civil remedy for violations of federal rights (including constitutional rights) under color of state law, the section 1983 lawsuit must be litigated in accordance with the scheme." *Id.* (citing *Sea Clammers,* 453 U.S. at 20-21). Because the ADEA provides broader protection than the Constitution, a plaintiff has "nothing substantive to gain" by also asserting a § 1983 claim. *See id.*

Even if *Sea Clammers* does not apply when a § 1983 claim seeks to vindicate constitutional, not statutory, rights, the Supreme Court has held a comprehensively remedial statutory scheme can preclude the vindication of constitutional rights through § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding that § 1983 is unavailable to prisoners attacking their imprisonment because Congress passed the more specific habeas corpus statute); *Smith v. Robinson*, 468 U.S. 992, 1009 (1984), *superseded on other grounds by* Handicapped Children's Protection Act, Pub. L. No. 99-372, § 2, 100 Stat. 796 (1986) (codified at 20 U.S.C. § 1415(1)) (holding that the comprehensiveness of the Education Handicapped Act ("EHA") indicates that "Congress intended the EHA to be

the exclusive avenue through which a plaintiff may assert an equal protection claim to a publicly financed education").

**[5]** We are unable to perceive, and counsel have not pointed us to, a constitutional claim for age discrimination that is not vindicated fully by the ADEA. The comprehensive remedial scheme of the ADEA demonstrates that Congress intended the ADEA to serve as the exclusive means for pursuing claims of age discrimination in employment. Therefore, the preclusion of § 1983 claims in this context is required.

> 2. **Because the ADEA is structurally and functionally distinct from Title VII, the availability of § 1983 claims to Title VII plaintiffs is not determinative.**

**[6]** Title VII of the Civil Rights Act of 1964 provides an avenue for plaintiffs to assert claims for employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. In its substantive provisions, the ADEA mirrors Title VII, which does not deprive plaintiffs of other avenues for asserting claims of race and sex discrimination. *See Lorillard v. Pons*, 434 U.S. 575, 584 (1978) ("In fact, the prohibitions of the ADEA were derived *in haec verba* from Title VII."); *Johnson v. Ry. Express Agency, Inc.* (1975) (holding that Title VII is not exclusive). In its remedial provisions, however, the ADEA tracks the Fair Labor Standards Act. *See Zombro*, 868 F.2d at 1369.

The remedial provisions of a statute are particularly significant in the preclusion inquiry. *See Sea Clammers*, 453 U.S. at 19-20 ("When the *remedial* devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983.") (emphasis added). The *Mummelthie* district court chose to analogize the ADEA to Title VII despite the differences in the two statutes' remedial schemes,[7] holding

---

[7]These differences—such as the availability of compensatory and punitive damages and an emphasis on conciliation and mediation—are discussed *infra*.

that, because Title VII does not preclude actions under § 1983, neither should the ADEA. *Id.* at 1326-27.

In important ways, however, Title VII and the ADEA do differ. While both statutes aim to eliminate discrimination in the workplace, the Supreme Court has recognized that "age, unlike race or other classifications protected by Title VII," may be relevant to an individual's capacity to work. *Smith v. City of Jackson*, 544 U.S. 228, 240 (2005). "Moreover, intentional discrimination on the basis of age has not occurred at the same levels as discrimination against those protected by Title VII." *Id.* at 241. Therefore, the ADEA provides "significantly narrow[er]" coverage than Title VII.[8] *Id.* at 233.

This difference in scope is reflected in the remedies provided by the two statutory schemes. For example, the Civil Rights Act of 1991 made available compensatory damages for emotional pain and suffering and punitive damages under Title VII. *See* 42 U.S.C. §§ 1981a(a)(1), (b); *see generally* David C. Miller, *Alone in Its Field: Judicial Trend To Hold that the ADEA Preempts § 1983 in Age Discrimination in Employment Claims*, 29 Stetson L. Rev. 573, 586-89 (2000) (comparing the effect of the Civil Rights Act of 1991 on the remedies available under Title VII and the ADEA).

[7] Compensatory damages for pain and suffering and punitive damages are not available under the ADEA, which employs its complex enforcement scheme "to help employers

---

[8]Ahlmeyer's § 1983 action frames her age discrimination in employment claim as a violation of her constitutional right to equal protection. Where claims of discrimination based on race or sex are entitled to heightened scrutiny, age discrimination claims under the Constitution are subject to rational basis scrutiny. *See Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976) (per curiam). Therefore, a plaintiff asserting an equal protection claim under § 1983 based on age discrimination would face serious obstacles to proving such a claim and has little to gain by circumventing the ADEA, which affords more protection in the area of age discrimination than does the federal Constitution.

and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621. Relief under the ADEA is limited to "judgments compelling employment, reinstatement, or promotion," the recovery of unpaid minimum wages or overtime pay, and reasonable attorneys' fees and costs. *See* 29 U.S.C. §§ 216(b), 626(b). In other words, the ADEA "was structured to facilitate and encourage compliance through an informal process of conciliation and mediation." *Zombro*, 868 F.2d at 1366. Therefore, the narrower scope of the ADEA is reflected in the more limited relief Congress afforded plaintiffs.

### E.    The fact that plaintiffs asserting age discrimination against state actors will be left without a remedy does not foreclose preclusion.

If the ADEA is the exclusive remedy for age discrimination in the workplace, then plaintiffs are left without a federal forum for age discrimination claims against state actors.[9] *See Kimel*, 528 U.S. at 82-83 (holding that the Eleventh Amendment bars ADEA claims against state actors). This seemingly contradictory outcome has made several district courts "reluctant" to find preclusion. *See, e.g.*, *Mustafa v. State of Neb. Dep't of Correctional Servs.*, 196 F. Supp. 2d 945, 955-56 (D. Neb. 2002).

The argument that a plaintiff should not be left remediless with respect to state actors has been squarely rejected by the Supreme Court in the related context of *Ex Parte Young* actions.[10] *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44

---

[9]A state employee alleging age discrimination in employment is not without a forum altogether, because he can file an ADEA suit in state court. *See, e.g.*, *Douchette v. Bethel School Dist. No. 403*, 818 P.2d 1362 (Wash. 1991) (affirming the court of appeals' dismissal of the plaintiff's discrimination claims, including a claim under the ADEA, as time-barred).

[10]In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court held individuals could, in certain circumstances, bring an action for injunctive relief against state officials directly under the Constitution without violating the Eleventh Amendment.

(1996). In *Seminole Tribe*, the Court first held the provisions of the Indian Gaming Regulatory Act ("IGRA") purporting to authorize suits in federal court against the states were invalid under the Eleventh Amendment. *Id.* at 72-73. The Court further held the IGRA's remedial scheme was sufficiently comprehensive to preclude the maintenance of an *Ex Parte Young* action against the state. *Id.* at 74-75. Anticipating the very argument presented by Ahlmeyer here, the Court stated as follows:

> Here, of course, we have found that Congress does not have authority under the Constitution to make the State suable in federal court under § 2710(d)(7) [of the IGRA]. Nevertheless, the fact that Congress chose to impose upon the State a liability that is significantly more limited than would be the liability imposed upon the state officer under *Ex Parte Young* strongly indicates that Congress had no wish to create the latter . . . . *Nor are we free to rewrite the statutory scheme in order to approximate what we think Congress might have wanted had it known that § 2710(d)(7) was beyond its authority. If that effort is to be made, it should be made by Congress, and not by the federal courts.*

*Id.* at 75 (emphasis added).

**[8]** With the ADEA, Congress intended to impose on the states a liability more limited than that available under § 1983. Thus, under *Seminole Tribe*, courts are not permitted to second-guess what Congress would have done had it known legislation authorizing suits against the states would be held invalid under the Eleventh Amendment. Instead, courts must analyze the comprehensiveness of a statute—and its corresponding preclusion of other remedies—as it was originally written. Because the ADEA provides a comprehensive remedial scheme, it should be read as precluding § 1983 actions in the area of age discrimination in employment.

## Conclusion

**[9]** We hold the ADEA is the exclusive remedy for claims of age discrimination in employment, even those claims with their source in the Constitution. Therefore, the district court did not abuse its discretion by dismissing Ahlmeyer's motion to amend her complaint as futile.

**AFFIRMED.**