**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2383

H. EDWIN RODROCK,

Appellant

v.

KAREN MOURY;
WENDELL F. HOLLAND;
JAMES H. CAWLEY;
WILLIAM SHANE;
KIM PIZZINGRILLI;
TERRANCE J. FITZPATRICK

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-08-cv-00901)
District Judge: Hon. Yvette Kane

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2010

BEFORE: FISHER, HARDIMAN and COWEN, Circuit Judges

(Filed: May 11, 2010)

OPINION

COWEN, Circuit Judge

## I.    BACKGROUND

Rodrock is an employee with the Pennsylvania Public Utility Commission ("PUC") and works as a Fixed Utility Financial Analyst Supervisor. In 2005, he applied for an opening for the position of Fixed Utility Manager. The PUC selected another candidate to fill that position. At the time of the PUC's decision, Rodrock was fifty-nine years old and the candidate that the PUC selected was fifty-one years old. Rodrock filed a complaint in the District Court against supervisory employees of the PUC and members of the PUC in their individual capacities, asserting that the defendants discriminated against him in violation of the ADEA and Section 1983. With respect to his Section 1983 claim, Rodrock alleged that the deprivation of rights that he suffered was "in the nature of a violation of the [ADEA]."

The Appellees moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The District Court dismissed Rodrock's complaint in its entirety holding that his Section 1983 claim was preempted by the ADEA and that his ADEA claim must fail because there is no individual liability for damages under the ADEA. On appeal, Rodrock contends that the District Court erred in holding that the ADEA preempts age discrimination claims brought under Section 1983 and it appears that he concedes that dismissal of his ADEA claim was merited. With respect to Rodrock's Section 1983 claim, the Appellees assert that the District Court properly held that this claim was preempted by the ADEA.

## II. DISCUSSION

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo a District Court's grant of a motion to dismiss for failure to state a claim.  *Sands v. McCormick*, 502 F.3d 263, 267 (3d Cir. 2007).

The District Court properly dismissed Rodrock's Section 1983 claim.  Rodrock provided no authority for the proposition that a Section 1983 claim, based on a violation of the ADEA as it applies to individual defendants, is colorable.  Nor could he.  First, Rodrock cannot claim the deprivation of a right that does not exist.  His Section 1983 claim is based solely on his asserted ADEA claim against individual defendants in their individual capacities; however, the ADEA does not permit such claims for damages.  *See Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006) (explaining that "the ADEA does not provide for individual liability").  A party who fails to establish the deprivation of a right fails to establish a Section 1983 claim.  *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (holding that a Section 1983 plaintiff is only entitled to relief "if [the] complaint sufficiently alleges deprivation of any right secured by the Constitution").  Second, this Court has held that the ADEA provides the exclusive remedy for federal employees to litigate age discrimination claims.  *See Purtill v. Harris*, 658 F.2d 134, 137 (3d Cir. 1981) (holding "that Congress intended section 15 of the ADEA to preempt Bivens remedies arising out of age discrimination claims by federal employees").

Finally, several sister circuits have held more broadly that age discrimination claims brought under Section 1983 are preempted by the ADEA and its comprehensive remedial scheme. *See Migneault v. Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998), *abrogated on other grounds by Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 760 (5th Cir. 1997) (per curiam) ("[B]ecause Congress has enacted a statutory provision to confront age discrimination in the work place via the ADEA, and based on this circuit's opinion that the ADEA is the sole remedy for persons who have been discriminated against based on their age, we are compelled to hold that where a plaintiff asserts a claim of age discrimination under § 1983 and where the facts alleged will not independently support a § 1983 claim, the plaintiff's age discrimination claim is preempted by the ADEA."); *Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1369 (4th Cir. 1989) (declining to recognize an age discrimination claim under Section 1983 as "[t]he conclusion is irresistible that the ADEA provides the exclusive judicial remedy for claims of age discrimination").

## III.    CONCLUSION

We will affirm the District Court's order dismissing Rodrock's complaint.

4