**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WADE ROBERTSON,

        Plaintiff - Appellant,

  v.

SHIRAZ QADRI; et al.,

        Defendants - Appellees.

No. 09-15355

D.C. No. 5:06-cv-04624-JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

   Wade Robertson appeals pro se from the district court's judgment in his

action alleging false imprisonment and false arrest, and from the order denying his

motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's dismissal for lack of diversity jurisdiction, and

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for clear error its factual determinations. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 979 (9th Cir. 2005). We review for an abuse of discretion the denial of leave to amend, *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009), and the denial of a motion for reconsideration, *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not clearly err by finding that Robertson failed to establish that he was domiciled in a state different from defendants, and thus properly dismissed for lack of diversity jurisdiction. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (listing factors for courts to consider in determining domicile, and reviewing for clear error district court's determination of domicile); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof").

The district court did not abuse its discretion by denying Robertson leave to amend to allege a claim under 42 U.S.C. § 1983 because amendment would have been futile. *See Ahlmeyer*, 555 F.3d at 1055 ("futility of amendment alone can justify the denial of a motion [to amend]"); *Guerrero v. Gates*, 442 F.3d 697, 703-05 (9th Cir. 2006) (concluding that section 1983 claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), even though plaintiff was no longer in custody,

because success on the claims would necessarily imply the invalidity of plaintiff's convictions).  Robertson's res judicata argument is unpersuasive.

The district court also did not abuse its discretion by denying Robertson's motion for reconsideration.  *See Sch. Dist. No. 1J*, 5 F.3d at 1263.

Robertson's request for judicial notice is granted, and his request for a stay is denied.

**AFFIRMED.**