**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISA ANN ATKINS, | No. 12-16901 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00729-SRB |
| v. | |
| CREIGHTON ELEMENTARY SCHOOL DISTRICT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Lisa Ann Atkins appeals pro se from the district court's summary judgment

in her Title VII action alleging gender discrimination. We have jurisdiction under

28 U.S.C. § 1291. We review for an abuse of discretion the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision regarding the sufficiency of service of process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by granting summary judgment for defendant because it correctly determined that Atkins failed to effectuate service in compliance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(j)(2) (requiring service of process on state or local government entity by either delivering summons and complaint on entity's chief executive officer or serving a copy of each in the manner proscribed by state law); *Batty v. Glendale Union High Sch. Dist. No. 205*, 212 P.3d 930, 933-34 (Ariz. Ct. App. 2009) (under Arizona law, delivery of notice of claim on superintendent insufficient to complete service of process on defendant school district); *see also Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (explaining that actual notice is insufficient to confer personal jurisdiction over a defendant if service does not substantially comply with Fed. R. Civ. P. 4).

The district court did not abuse its discretion by denying Atkins leave to amend to allege, among other things, a claim under 42 U.S.C. § 1983 because amendment would have been futile. *See Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

We do not consider arguments raised for the first time on appeal, including that defendant waived its service of process defense. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998) (applying a "general rule" against entertaining arguments on appeal that were not presented or developed before the district court).

Atkins's motion to admit into evidence a transcript and CD recording, filed on February 5, 2013, is denied.

**AFFIRMED.**