[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14752
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-03489-RWS

ANTHONY W. DUVA,

Plaintiff - Appellant,

versus

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,
SUSAN L. BARCUS,
Senior Vice President of Advancement and
Chief Development Officer,
RICARDO AZZIZ,
President and CEO, Georgia Regents University,
SUSAN NORTON,
Vice President, Human Resources,
JENNIFER RUSS,
Associate Vice President,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 24, 2016)


Before MARTIN, JORDAN, and EDMONDSON, Circuit Judges.


PER CURIAM:


Anthony Duva appeals the district court's dismissal of Duva's age discrimination suit, filed under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"), and 42 U.S.C. § 1983. Duva named as Defendants his former employer, the Board of Regents of the University System of Georgia ("Board"), and four Georgia Regents University ("GRU") executives, each sued in his or her individual and official capacity ("individual defendants"). No reversible error has been shown; we affirm.[1]

Duva, who was 66 years old when his position at GRU was eliminated, filed this civil action against Defendants. He says that he was discriminated against based on his age. In an amended complaint, Duva purported to assert (1) an

---

[1] "We review de novo the district court's grant of a motion to dismiss . . . , accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

ADEA claim against the Board; (2) a section 1983 claim against the individual defendants for violation of the Equal Protection Clause; and (3) a section 1983 claim against the individual defendants for violation of Duva's procedural due process rights.[2]

I.

Under the Eleventh Amendment, an unconsenting state (including the state's agencies and departments) is immune from suit in federal court by the state's own citizens. Pennhurst State Sch. & Hosp., et al. v. Halderman, et al., 104 S. Ct. 900, 908 (1984). The Eleventh Amendment bar applies irrespective of whether a plaintiff seeks monetary or injunctive relief. Cory v. White, 102 S. Ct. 2325, 2329 (1982).

Congress intended the ADEA to abrogate the states' Eleventh Amendment immunity. But the Supreme Court has concluded that Congress exceeded its constitutional authority in enacting the ADEA and, thus, "[t]he ADEA's purported abrogation of the States' sovereign immunity is . . . invalid." Kimel, et al. v. Fla. Bd. of Regents, et al., 120 S. Ct. 631, 642, 650 (2000).

---

[2] Duva raises no challenge to the district court's determination that, as a state employee alleging a pretextual termination, Duva can state no substantive due process claim. For background, see McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994) (en banc).

The parties do not dispute that the Board is an agency of the State of Georgia. Thus, the district court dismissed properly Duva's ADEA claim against the Board as barred by the Eleventh Amendment. In addition, because Duva asserted his ADEA claim only against the Board -- and against no individual defendant in his or her official capacity -- the exception established in Ex parte Young is inapplicable. See Lane v. Cent. Ala. Cmty. College, 772 F.3d 1349, 1351 (11th Cir. 2014) (under Ex parte Young, "official-capacity suits against state officials are permissible . . . under the Eleventh Amendment when the plaintiff seeks *prospective* equitable relief to end *continuing* violations of federal law." (quotations omitted) (emphasis in original)); Ex parte Young, 28 S. Ct. 441, 453-54 (1908) (recognizing an exception to Eleventh Amendment immunity in suits seeking to compel a state officer to comply with federal law).

## II.

Based on two independent grounds, the district court dismissed Duva's Equal Protection claim against the individual defendants. First, the district court concluded that Duva's section 1983 claim for age discrimination was precluded by the ADEA. Second, the district court determined that Duva stated no claim for

4

relief under section 1983 because he failed to allege that the purported age discrimination lacked a rational relationship to a legitimate state interest.

About the district court's first ground for dismissal, the majority of Circuit Courts of Appeal to address the issue have ruled that the ADEA precludes the filing of age discrimination claims under section 1983.  See Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003); Hildebrand v. Allegheny Cnty., 757 F.3d 99, 110 (3rd Cir. 2014); Zombro v. Balt. City Police Dep't, 868 F.2d 1364, 1369 (4th Cir. 1989); Lafleur v. Tex. Dep't of Health, 126 F.3d 758, 760 (5th Cir. 1997); Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1057 (9th Cir. 2009); Migneault v. Peck, 158 F.3d 1131, 1140 (10th Cir. 1998), vacated on other grounds by Bd. of Regents of Univ. of N.M. v. Migneault, 120 S. Ct. 928 (2000); Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991); but see Levin v. Madigan, 692 F.3d 607, 617 (7th Cir. 2012) (concluding that the ADEA does not preclude section 1983 equal protection claims).  This Court has not yet weighed in on this debate.  And, because resolution of the preclusion issue is not dispositive in this appeal, we need not decide that issue today.

Even if we assume -- without deciding -- that Duva was permitted to raise an independent section 1983 claim for age discrimination, we agree with the district court's alternative independent ground for dismissing Duva's Equal Protection

5

claim.[3]  Age is no suspect classification under the Equal Protection Clause; thus, states may discriminate on the basis of age without violating the Fourteenth Amendment "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [state's] actions were irrational."  Kimel, 120 S. Ct. at 645-46.  Because age classifications are "presumptively rational," the party challenging the constitutionality of an age classification "bears the burden of proving that the facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker."  Id. (quotation omitted).

In his first amended complaint, Duva failed to allege that the individual defendants' purported age discrimination lacked a rational relationship to a legitimate state interest.  Accordingly, Duva failed to state a plausible claim for relief under the Equal Protection Clause.  The district court dismissed properly Duva's section 1983 claim.

---

[3] Duva has failed to challenge the district court's second independent ground for dismissal on appeal; that issue is abandoned.  See Carmichael v. Kellogg, Brown & Root Serv., 572 F.3d 1271, 1293 (11th Cir. 2009).

III.

About Duva's procedural due process claim against the individual defendants, the district court first concluded that Duva had a property interest in his continued employment. The district court determined, however, that Duva failed to allege sufficiently that he was in fact denied procedural due process.

To state a section 1983 claim for violation of procedural due process, a plaintiff must allege both "a deprivation of some right protected by the due process clause" and that the state refused to provide a process adequate to remedy the alleged procedural deprivation. See Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (citing McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994) (en banc)). Where adequate state remedies exist, but a plaintiff fails to take advantage of them, the plaintiff can state no violation of procedural due process. Id. When determining the existence of an adequate state remedy, we look not only to the process "employed by the board, agency or other governmental entity whose action is in question, but also [to] the remedial process state courts would provide if asked." Horton v. Bd. of Cnty. Comm'rs, 202 F.3d 1297, 1300 (11th Cir. 2000).

In his amended complaint, Duva alleges that the individual defendants deprived him of his due process rights by failing to conduct a post-termination hearing, failing to afford Duva an opportunity to confront and cross-examine

7

adverse witnesses, and by failing to otherwise allow Duva a "meaningful opportunity to be heard."  Even if we accept that Duva has alleged sufficiently a <u>deprivation</u> of a due process right, a constitutional due process <u>violation</u> occurs only after the state refuses to provide a process adequate to remedy that procedural deprivation.  See <u>Cotton</u>, 216 F.3d at 1331; <u>McKinney</u>, 20 F.3d at 1557, 1563. Because Duva alleged no facts showing that he asked for remedial procedures, that the state refused to make available such procedures, or that the state's procedures were otherwise unavailable to Duva or inadequate to remedy the alleged procedural deprivation, Duva -- as a matter of law -- has failed to state a claim for violation of procedural due process.

AFFIRMED.

8