FERNANDEZ, Circuit Judge,
dissenting:
I respectfully dissent.
Our quest here is not to search for or to explicate constitutional principles; it is to search for congressional intent. That is to say, Congress can set up a statutory scheme wherein it demonstrates its intent to have that scheme, not 42 U.S.C. § 1983, apply to claims for enforcement of rights under the statute. See, e.g., Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 252-54, 129 S.Ct. 788, 793-94, 172 L.Ed.2d 582 (2009); Middlesex Cty. Sewerage Auth. v. Nat’l Sea Clammers Ass’n, 453 U.S. 1, 13, 20-21, 101 S.Ct. 2615, 2622-23, 2626-27, 69 L.Ed.2d 435 (1981). Here our task is to determine whether Congress intended to make the ADEA[1] exclusive in that sense.
We have already said that Congress did just that. Specifically, we have held that “the ADEA precludes the assertion of age discrimination in employment claims, even those seeking to vindicate constitutional rights, under § 1983.” Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1057 (9th Cir. 2009). In that case, lest there be any doubt, we went on to conclude that: “the ADEA is the exclusive remedy for claims of age discrimination in employment, even those claims with their source in the Constitution.” Id. at 1060-61. In Ahlmeyer, we were dealing with the claim of an older employee that her employer had discriminated against her on account of her age. Id. at 1054; see also 29 U.S.C. § 623(a)(1). The majority says that this case differs from Ahlmeyer because what is involved here is a claim of retaliation.[2] See 29 U.S.C. § 623(d). In effect, the majority says that Congress has had two different intents regarding the ADEA.
The first of those relates to individuals whose need for protection formed the mainspring of the ADEA — employees discriminated against on account of their age. See id. § 621; see also id. § 623(a)-(c). The second, somewhat more collateral, intention was designed to more fully protect the older employees for whom the ADEA was created. It relates to individuals who are retaliated against, not necessarily be *1253 cause of their own ages, but because they have “opposed any practice made unlawful” by the ADEA. Id. § 623(d).
While the majority’s opinion is quite persuasively written, I am not quite persuaded because I do not believe that in creating this relatively simple piece of legislation Congress held two very different intentions regarding the ADEA. Those for whom the ADEA was primarily designed had to rely upon ADEA remedies alone, but those who were protected in order to assure that the protection of those in the first group would be more effective did not have their remedies so limited. The latter could spell out a § 1983 claim also. Nothing Congress said makes that so,[3] and I am unable to conclude that Congress contemporaneously held separate intentions when enacting and amending this fairly uncomplicated piece of legislation.
Again, it is congressional intent that we must seek, and even if we ignore the broad and encompassing language of Ahlmeyer, I cannot say that Congress held those two separate intents. In short, I believe that in deciding this case we are bound by Ahl-meyer.
Thus, I must respectfully dissent.

. Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634.

. Ahlmeyer did not draw that distinction. Of course, it is not at all unusual for those who make claims of discrimination to make claims of retaliation also. In fact, at the trial court level that happened in Ahlmeyer itself. See Ahlmeyer, 555 F.3d at 1054 n.1.

. Indeed, the majority explains that the legislative history helps not at all.