O’SCANNLAIN, Circuit Judge,
concurring in part and dissenting in part:
While I concur in the court’s reversal of the final judgment in the concurrent memorandum disposition with regard to West’s claims against the United States, I must respectfully dissent from the opinion’s holdings with regard to West’s claims against Agent Gordwin. Because of a serious jurisdictional defect, I would instead dismiss the appeal as to him rather than reverse and remand and expose him to farther proceedings.
I
We simply lack jurisdiction to review the district court’s judgment with respect to Agent Gordwin because the Notice of Appeal (“NOA”) specifies that West “appeals the dismissal with prejudice of Counts 4, 7, 9, 10 and 14 as to the Defendant United States of America.” See Fed. R. App. P. 3(c)(1)(B). Counts 6 and 8, the only counts which relate to claims against Defendant Gordwin, are nowhere mentioned and are presumably excluded from this appeal.
Of course, when a party seeks to argue the merits of an order that does not appear on the face of the NOA, Le’s two-step analysis applies. Le v. Astrue, 558 F.3d 1019, 1022-23 (9th Cir. 2009) (quoting Lolli v. County of Orange, 351 F.3d 410, 414 (9th Cir. 2003)). But, the majority errs when it concludes that West’s intent to appeal the judgment with respect to Agent Gordwin can be inferred and that he was not prejudiced. Maj. at 524.
Such holding disregards Ninth Circuit precedent. “In determining whether ‘intent’ and ‘prejudice’ are present, we apply another two-part test: first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue.” Ahlmeyer v. Nevada Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009) (quoting Lynn v. Sheet Metal Workers’ Int’l Ass’n, 804 F.2d 1472, 1481 (9th Cir. 1986)).
It is undisputed that Agent Gordwin never received notice of the appeal nor had the opportunity to brief the issues concerning him. West briefly addressed the claims against Agent Gordwin in his opening brief, but there is no evidence such brief was ever properly served.[1] Nor, unsurprisingly, was there any response from Agent Gordwin. This differentiates the present case from those in which the Court has held that briefs discussing a judgment not referenced in the NOA may provide notice. See, e.g., Lynn, 804 F.2d at 1481 (finding notice where “appellant served the affected party ... with a copy of the brief in which he raised the issue,” and “the [affected party] filed a joint brief ... in which this issue was fully discussed”) (emphasis added); United States v. One 1977 Mercedes Benz, 708 F.2d 444, 451 (9th Cir. 1983) (finding notice where appellant “addressed] the dismissal of the third-party action in her opening brief ... and served *526 that brief on all third-party defendants”) (emphasis added). Thus, Ahlmeyer makes clear that West’s failure to serve Agent Gordwin forecloses our ability to review the claims against him. Ahlmeyer, 555 F.3d at 1055.
The suit in which Agent Gordwin was named was filed and dismissed in 2013. There is no evidence that he has been served with papers at any stage of this litigation. It is both unfair and inequitable to require, as the majority does, that Agent Gordwin remain exposed to continued litigation, which began four years ago, without notice to him should West eventually decide to provide him with the due process to which he was entitled from the start.
II
For the foregoing reasons, I would dismiss the appeal with respect to the claims against Agent Gordwin, rather than let this case go forward as to him.

. The relevant Certificate of Filing and Service only certifies delivery to an Assistant United States Attorney representing the government.