**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CARL WEST,
*Plaintiff-Appellant*,

v.

UNITED STATES OF AMERICA;
JOE GORDWIN, an FBI agent,
*Defendants-Appellees*.

No. 13-16909

D.C. No.
2:13-cv-00304-GMS

OPINION

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted January 6, 2016
San Francisco, California

Filed April 3, 2017

Before: Alex Kozinski, Diarmuid F. O'Scannlain
and M. Margaret McKeown,[*] Circuit Judges.

Opinion by Judge Kozinski;
Partial Concurrence and Partial Dissent by
Judge O'Scannlain

---

[*] Following argument in this case, Judge McKeown was drawn to
replace Judge Noonan.

## SUMMARY**

### Federal Rule of Appellate Procedure 3

The panel reversed the district court's judgment in a civil action, which dismissed claims brought by Carl West against the United States and FBI agent Joe Gordwin based on misconduct in West's criminal case.

The panel sua sponte considered whether West's notice of appeal ("NOA") complied with Federal Rule of Appellate Procedure 3, which lists the requirements for taking an appeal as of right in federal court.

Under Fed. R. App. P. 3(c)(1)(A), the NOA must identify each appellant, but does not mention appellees. The panel held that failing to name an appellee in an NOA is not a jurisdictional bar to considering an appeal against that appellee. The panel concluded that any ambiguity about the identity of the appellees in West's NOA did not preclude the court's review of West's claims against FBI Agent Gordwin.

Under Fed. R. App. P. 3(c)(1)(B) the NOA must "designate the judgment, order, or part thereof being appealed." The panel construed the NOA functionally, and concluded that it sufficiently indicated West's intent to appeal the entire district court order and the judgment dismissing the whole suit.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel noted that the district court failed to distinguish between claims against the United States and claims against Gordwin when dismissing the case with prejudice. The panel held that it was clear error for the district court to dismiss the claims against Gordwin, who was not a party to the case because he had not been served and the time for service had not expired.

The panel addressed the merits of West's other claims in a concurrently filed memorandum disposition.

Judge O'Scannlain concurred in part and dissented in part. He concurred in the court's reversal of the final judgment in the concurrent memorandum disposition with regard to West's claims against the United States, and dissented from the majority's holdings with regard to West's claims against FBI Agent Gordwin. Because of a serious jurisdictional defect, Judge O'Scannlain would dismiss the appeal as to Gordwin rather than reverse and remand and expose him to further proceedings. Judge O'Scannlain concludes that the majority erred when it held that West's intent to appeal the judgment with respect to Agent Gordwin could be inferred and that he was not prejudiced.

---

## COUNSEL

David W. Dow (argued), Phoenix, Arizona, for Plaintiff-Appellant.

Peter M. Lantka (argued), Phoenix, Arizona, for Defendants-Appellees.

---

## OPINION

KOZINSKI, Circuit Judge:

We consider whether an appellant's notice of appeal satisfied the requirements of Federal Rule of Appellate Procedure 3.

## BACKGROUND

Carl West was convicted of robbery and sentenced to twenty years in prison because Joe Gordwin, then an FBI agent, "manufactured and coerced" the testimony of various witnesses at West's trial. When Gordwin's actions were exposed, West was released and the charges against him were dropped. This appeal concerns West's subsequent civil suit against the United States and Gordwin based on the misconduct in West's criminal case.

West alleged thirteen causes of action and requested punitive damages against both the United States and Gordwin. The United States filed a motion to dismiss West's complaint, addressing only West's claims "against the United States," not those against Gordwin. The government noted that it "d[id] not represent Defendant Joe Gordwin." At that time, West hadn't served Gordwin with process. In fact, after the United States filed its motion to dismiss, the district court granted West an extension of time in which to serve Gordwin under Federal Rule of Civil Procedure 4.

The district court granted the government's motion to dismiss, but it dismissed all of West's claims, including those

against Gordwin. The district court entered judgment "in favor of defendants and against plaintiff" the same day. Gordwin hadn't been served yet, and West's deadline for service hadn't passed.

West then filed his notice of appeal (NOA). He included Gordwin and the United States in the caption and listed the district court's order and judgment as the basis of his appeal. West didn't otherwise identify Gordwin or the claims against him in the NOA. West did say that he was appealing "as to the Defendant United States of America." *See infra* p. 9. In his opening brief, West argued that certain claims against both the United States and Gordwin were wrongfully dismissed.

## DISCUSSION

Federal Rule of Appellate Procedure 3 lists the requirements for taking an appeal as of right in federal court. The appealing party must file an NOA within the time set by Rule 4. Fed. R. App. P. 3(a). The NOA must identify each appellant, Rule 3(c)(1)(A); "designate the judgment, order, or part thereof being appealed," Rule 3(c)(1)(B); and "name the court to which the appeal is taken," Rule 3(c)(1)(C). These requirements are jurisdictional, *see Torres* v. *Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988), but the Rule cautions against their formalistic application: "An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4).

While no party has raised an issue with West's NOA or our ability to review the district court's dismissal of his claims, "[a] court has a duty to assure itself of its own jurisdiction, regardless of whether jurisdiction is contested by the parties." *Peterson* v. *Islamic Republic of Iran*, 627 F.3d 1117, 1125 (9th Cir. 2010). West's NOA faces two potential compliance issues as to his claims against Gordwin: subsections (c)(1)(A) and (c)(1)(B).

**A.** In *Torres* v. *Oakland Scavenger Co.*, Torres was barred from appealing because his name was omitted from the NOA "due to a clerical error." 487 U.S. at 313, 318. The Supreme Court held that failing to identify an appellant in the NOA deprives a U.S. Court of Appeals of jurisdiction over that appellant's case. *Id.* at 315–18. The Court acknowledged that this caused a "harsh result" in Torres's case, but it explained that specificity in naming an appellant is required by the clear text of Rule 3. *See id.* at 318. But neither Rule 3 nor *Torres* mentions appellees. The rule's only subsection that requires naming the parties to the appeal states that the NOA must

> specify the party or parties *taking* the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X."

Fed. R. App. P. 3(c)(1)(A) (emphasis added); *see also Chathas* v. *Smith*, 848 F.2d 93, 93 (7th Cir. 1988) ("There is no mention of appellees . . . .").

We have not addressed in a precedential opinion whether failing to name an appellee is a jurisdictional bar to considering an appeal against that appellee. *But see Hale* v. *Arizona*, 967 F.2d 1356, 1361 (9th Cir. 1992) ("Rule 3(c) does not require that *appellees* be listed, only *appellants*."), *reh'g en banc*, 993 F.2d 1387 (9th Cir. 1993). Other circuits have held that failing to name certain appellees in an NOA doesn't necessarily preclude an appeal against those appellees. *See, e.g.*, *Longmire* v. *Guste*, 921 F.2d 620, 622 (5th Cir. 1991) (per curiam) (holding that appellant's failure to name appellee wasn't a jurisdictional bar to review); *Battle* v. *District of Columbia*, 854 F.2d 1448, 1450 (D.C. Cir. 1988) (per curiam) (noting the same); *cf. Chathas*, 848 F.2d at 94 (finding omission of appellee's name to be harmless error). The Fifth Circuit held that "[t]he jurisdictional prerequisite of [Rule] 3(c) only requires naming with specificity the appellants taking the appeal and not the appellees against whom the appeal is being taken." *Longmire*, 921 F.2d at 622. No circuit has reached a contrary conclusion.

Consistent with other circuits and the plain language of the rule, we hold that failing to name an appellee in an NOA is not a bar to an appeal. Therefore, any ambiguity about the identity of the appellees in West's NOA doesn't preclude our review of West's claims against Gordwin.

**B.** The Supreme Court has also told us that "courts should construe Rule 3 liberally when determining whether it has been complied with." *Smith* v. *Barry*, 502 U.S. 244, 248 (1992). "Thus, when papers are 'technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.'" *Id.* (alteration in original) (quoting *Torres*, 487 U.S. at 316–17).

In *Smith*, the Supreme Court held that we may construe an appellant's opening brief as an NOA if it contains all of the information that Rule 3 requires. *Id.* at 248–50. In *Foman* v. *Davis*, the NOA didn't name the judgment, but the Court held that it was error to treat the NOA as including only an appeal from a specifically named order and not the judgment. 371 U.S. 178, 181 (1962). We have interpreted these rulings as "reject[ing] a literal interpretation of Rule 3(c)(1)(B)," which stands in contrast to the Court's narrow application of Rule 3(c)(1)(A). *Le* v. *Astrue*, 558 F.3d 1019, 1022 (9th Cir. 2009).

"When 'a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal,' we consider: '(1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake.'" *Id.* at 1022–23 (quoting *Lolli* v. *County of Orange*, 351 F.3d 410, 414 (9th Cir. 2003)). "In determining whether 'intent' and 'prejudice' are present, we apply a two-part test: first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue." *Ahlmeyer* v. *Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) (quoting *Lynn* v. *Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1481 (9th Cir. 1986)).

Pursuant to this functional approach, we have considered appeals from orders that weren't named in the NOA and were discussed only in appellate briefs. *See, e.g.*, *One Indus., LLC* v. *Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1159 (9th Cir. 2009); *Lynn*, 804 F.2d at 1481. In these cases, the appellants' intent to appeal the otherwise unnamed orders were clear from their briefs. The appellees suffered no prejudice

because they had opportunities to respond in their answering briefs.

West titled his NOA, "Plaintiff's Notice of Appeal to the Ninth Circuit Court of Appeals from the Order and Judgment of the United States District Court" (capitalization altered). The title alone contained all of the information that Rule 3 required. Moreover, the main text of West's NOA stated:

> Notice is hereby given that Plaintiff in the above-entitled case, Carl West, hereby appeals to the United States Court of Appeals for the Ninth Circuit the Order of the Hon. G. Murray Snow dated August 21, 2013 and the Judgment of the Court entered August 21, 2013 dismissing this action as follows: Plaintiff appeals the dismissal with prejudice of Counts 4, 7, 9, 10 and 14 as to the Defendant United States of America.

(capitalization altered). While West identified certain counts against the United States, he twice named in full the district court's order and judgment. Construing the NOA functionally, we conclude that it sufficiently indicated West's intent to appeal the entire district court order and the judgment dismissing the whole suit.

West's opening brief on appeal further clarified the scope of his appeal. It stated that the same counts he appealed as to the United States "as well as 42 U.S.C. § 1983 claims under Counts 6 and 8 and 14, punitive damages, should not have been dismissed against not yet served Defendant Joe Gordwin." West explained that the district court's dismissal order didn't address the claims against Gordwin "but

proceeded to dismiss the entire case." That dismissal was error, he argued. West's argument was more than sufficient to present the issue on appeal.

**C.** The district court failed to distinguish between claims against the United States and claims against Gordwin when dismissing the case with prejudice. It was clear error for the district court to dismiss the claims against Gordwin, who wasn't a party to the case because he hadn't been served and the time for service had not expired. *See European Community* v. *RJN Nabisco, Inc.*, 355 F.3d 123, 128, 139 (2d Cir. 2004) (holding that there was no procedural basis for dismissal when the plaintiffs' deadline for service had not expired), *cert. granted, vacated on other grounds & remanded*, 544 U.S. 1012 (2005); *cf. Franklin* v. *Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (explaining that it was error to dismiss a complaint without notice before the plaintiff served it when the plaintiff had paid filing fees).

The dissent claims that the result we reach is "both unfair and inequitable" because "Gordwin never received notice of the appeal nor had the opportunity to brief the issues concerning him." Dissent at 12–13. But the dissent's concerns arise out of the district court's error, not any problem with West's NOA. Because the district court prematurely dismissed Gordwin before West served him, Gordwin couldn't be on the service list for West's brief. *See* dissent at 12. West's NOA and brief included sufficient information to put any reader on notice of his appeal. His intent to appeal was clear, and Gordwin suffered no prejudice. Gordwin is in the exact same position he was in prior to the district court's error and this ensuing appeal: waiting for West to serve him.

We address the merits of West's other claims in a memorandum disposition filed concurrently with this opinion.

**REVERSED.**

---

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:

While I concur in the court's reversal of the final judgment in the concurrent memorandum disposition with regard to West's claims against the United States, I must respectfully dissent from the opinion's holdings with regard to West's claims against Agent Gordwin. Because of a serious jurisdictional defect, I would instead dismiss the appeal as to him rather than reverse and remand and expose him to further proceedings.

I

We simply lack jurisdiction to review the district court's judgment with respect to Agent Gordwin because the Notice of Appeal ("NOA") specifies that West "appeals the dismissal with prejudice of Counts 4, 7, 9, 10 and 14 as to the Defendant United States of America." *See* Fed. R. App. P. 3(c)(1)(B). Counts 6 and 8, the only counts which relate to claims against Defendant Gordwin, are nowhere mentioned and are presumably excluded from this appeal.

Of course, when a party seeks to argue the merits of an order that does not appear on the face of the NOA, *Le's* two-step analysis applies. *Le v. Astrue*, 558 F.3d 1019, 1022–23 (9th Cir. 2009) (quoting *Lolli v. County of Orange*, 351 F.3d

410, 414 (9th Cir. 2003)). But, the majority errs when it concludes that West's intent to appeal the judgment with respect to Agent Gordwin can be inferred and that he was not prejudiced. Maj. at 10.

Such holding disregards Ninth Circuit precedent. "In determining whether 'intent' and 'prejudice' are present, we apply another two-part test: first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue." *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) (quoting *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1481 (9th Cir. 1986)).

It is undisputed that Agent Gordwin never received notice of the appeal nor had the opportunity to brief the issues concerning him. West briefly addressed the claims against Agent Gordwin in his opening brief, but there is no evidence such brief was ever properly served.[1] Nor, unsurprisingly, was there any response from Agent Gordwin. This differentiates the present case from those in which the Court has held that briefs discussing a judgment not referenced in the NOA may provide notice. *See, e.g.*, *Lynn*, 804 F.2d at 1481 (finding notice where "appellant *served the affected party . . . with a copy of the brief* in which he raised the issue," and "the [affected party] filed a joint brief . . . in which this issue was fully discussed") (emphasis added); *United States v. One 1997 Mercedes Benz*, 708 F.2d 444, 451 (9th Cir. 1983) (finding notice where appellant "address[ed] the dismissal of the third-party action in her opening brief . . . *and served that brief* on all third-party defendants")

---

[1] The relevant Certificate of Filing and Service only certifies delivery to an Assistant United States Attorney representing the government.

(emphasis added).  Thus, *Ahlmeyer* makes clear that West's failure to serve Agent Gordwin forecloses our ability to review the claims against him.  *Ahlmeyer*, 555 F.3d at 1055.

The suit in which Agent Gordwin was named was filed and dismissed in 2013.  There is no evidence that he has been served with papers at any stage of this litigation.  It is both unfair and inequitable to require, as the majority does, that Agent Gordwin remain exposed to continued litigation, which began four years ago, without notice to him should West eventually decide to provide him with the due process to which he was entitled from the start.

## II

For the foregoing reasons, I would dismiss the appeal with respect to the claims against Agent Gordwin, rather than let this case go forward as to him.