**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. CC-17-1082-FLKu |
| ) | |
| JANIE BURNS, ) | Bk. No. 2:16-bk-19334-SK |
| ) | |
| Debtor. ) | Adv. Pro. 2:16-ap-01448-SK |
| _____ ) | |
| ) | |
| JANIE BURNS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on January 25, 2018
at Pasadena, California

Filed – February 1, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sandra R. Klein, Bankruptcy Judge, Presiding

———————————

Appearances:   Appellant Janie Burns argued pro se.

———————————

Before: FARIS, LAFFERTY, and KURTZ, Bankruptcy Judges.

———————————

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

1

**INTRODUCTION**

Chapter 13[1] debtor Janie Burns appeals from the bankruptcy court's order granting creditor Federal National Mortgage Association's ("FNMA") motion to dismiss her adversary proceeding following the dismissal of her bankruptcy case. We AFFIRM.

Ms. Burns also challenges the bankruptcy court's order denying her motion to vacate the dismissal of her bankruptcy case. Because she did not file a proper notice of appeal or give the chapter 13 trustee notice of the purported appeal from that order, we lack jurisdiction to consider that aspect of her appeal.

**FACTUAL BACKGROUND[2]**

**A. Prebankruptcy events**

Ms. Burns defaulted on her mortgage loan payments for real property located in Hawthorne, California (the "Property"). In April 2014, FNMA foreclosed on the Property, held a foreclosure sale, and recorded a trustee's deed upon sale. FNMA instituted an unlawful detainer proceeding against Ms. Burns in state court and obtained a writ of possession.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Ms. Burns does not provide us with a complete record on appeal. We exercise our discretion to review the documents on the bankruptcy court's electronic docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

**B.     The chapter 13 case**

Ms. Burns filed the subject chapter 13 petition pro se on July 14, 2016.  She valued the Property at approximately $1.25 million and represented that no creditor had either secured or unsecured claims against her.

In her proposed chapter 13 plan, Ms. Burns identified FNMA as her only creditor (secured or otherwise), but stated that the debt was "in dispute."  To cure the default, she proposed a monthly payment of "$50.00" for a total payment of "$50.00."

The bankruptcy court scheduled Ms. Burns' § 341 meeting of creditors for August 19, 2016.  The meeting of creditors was subsequently continued to September 9 and September 30.

On August 26, FNMA filed a motion for relief from the automatic stay.  It represented that it had obtained an unlawful detainer judgment in state court and had acquired title to the Property by foreclosure sale prebankruptcy and recorded the deed. Following a hearing, the bankruptcy court granted FNMA relief from stay under § 362(d)(1).

On October 3, 2016, the chapter 13 trustee filed a declaration that Ms. Burns failed to appear at the September 30 meeting of creditors and had not made any plan payments.  The bankruptcy court dismissed the bankruptcy case for Ms. Burns' failure to appear at the meeting of creditors ("Bankruptcy Dismissal Order").

Shortly thereafter, Ms. Burns filed a motion to set aside the dismissal of her bankruptcy case.  Because she never properly noticed this motion, it was never set for hearing, and the bankruptcy court did not decide it.

3

On January 31, 2017 (almost four months after the bankruptcy court dismissed her case), Ms. Burns filed a second motion to vacate the Bankruptcy Dismissal Order ("Motion to Vacate").  She argued that FNMA "unlawfully, knowingly and willingly violated plaintiff[']s automatic stay in attempt [sic] of self-help eviction and unjust enrichment."  She contended that Benedict Garcia, a realtor hired by FNMA, violated the automatic stay on July 24 and 25 and August 3, 4, and 10 by entering the Property, confiscating personal property, and boarding up the windows of the Property.  She argued that she had been required to repeatedly appear at state court hearings to obtain a restraining order against Mr. Garcia, which left her "no time to represent herself efficiently and timely in bankruptcy court."  She generally stated that harassment by FNMA and Mr. Garcia caused her extreme stress that made her miss the meeting of creditors.

**C.    The adversary proceeding**

On October 4, 2016, a day after the trustee filed the declaration that Ms. Burns had failed to appear at the meeting of creditors and two days before the bankruptcy court dismissed her case, Ms. Burns filed an adversary complaint against FNMA.[3]  She alleged that FNMA did not have any valid lien against the Property because it could not prove a chain of title, engaged in fraud, and is not the holder of the promissory note.

FNMA filed a motion to dismiss the adversary complaint ("Motion to Dismiss").  It argued that the bankruptcy court

---

[3] On January 20, 2017, Ms. Burns filed an amended complaint. The amended complaint is substantially similar to the original complaint.

4

lacked subject matter jurisdiction to review the state court's unlawful detainer judgment and that there was no basis for "arising under," "arising in," or "related to" jurisdiction. Further, FNMA argued that Ms. Burns failed to state a claim upon which relief could be granted because all of her allegations were "vague and ambiguous blanket assertions of wrongdoing." It also argued that there is no legitimate question regarding the validity of the prepetition foreclosure sale of the Property.

**D.    Hearing on the Motion to Vacate and Motion to Dismiss**

The bankruptcy court held a joint hearing on the Motion to Vacate and the Motion to Dismiss. Regarding the Motion to Vacate, Ms. Burns argued that FNMA's violations of the automatic stay and her husband's health condition caused her to miss the meeting of creditors.

The bankruptcy court recited the procedural history of the case and the parties' respective arguments. It analyzed the Motion to Vacate under Civil Rule 60 and considered the factors laid out in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). The court concluded that it could not find excusable neglect and denied Ms. Burns' request for sanctions for the alleged stay violations.

Regarding the Motion to Dismiss, Ms. Burns argued that the loan was void ab initio because FNMA is not licensed to do business in California; that FNMA committed fraud upon the court; that she had been denied due process; that there is no proof that she owes any money; and that FNMA's attorneys engaged in egregious or deceptive behavior.

The bankruptcy court noted that Ms. Burns had made these

5

arguments previously and stated, "I'll tell you the same thing that I told you last time. Any allegation that there was any issue with the foreclosure that [sic] needs to be addressed in state court." The court granted the Motion to Dismiss, based on the factors identified in Carraher v. Morgan Electronics, Inc. (In re Carraher), 971 F.2d 327 (9th Cir. 1992).

The bankruptcy court entered its order denying the Motion to Vacate on March 29, 2017 and its order granting the Motion to Dismiss ("Adversary Dismissal Order") on April 4, 2017.

Ms. Burns filed a notice of appeal in the adversary proceeding. The BAP clerk's office issued a notice of deficiency because the order being appealed was not yet entered on the bankruptcy court's docket; it directed her to request an entry of the order and file with the BAP a copy of the entered order. In response, Ms. Burns filed a copy of the Adversary Dismissal Order with the BAP. She did not file a notice of appeal from the order denying the Motion to Vacate in the main bankruptcy case or submit a copy of that order to the BAP.[4]

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). As we explain below, we have jurisdiction under 28 U.S.C. § 158 to decide Ms. Burns' appeal from the

---

[4] Following oral argument, Ms. Burns filed twelve pages of supplemental documents. We did not authorize Ms. Burns to enlarge the record on appeal, and we cannot consider these documents, which were not before the bankruptcy court and postdate the appeal. See Padilla v. Smyrnos (In re Padilla), 213 B.R. 349, 354 n.3 (9th Cir. BAP 1997) ("An appellate court may not consider evidence not presented to the trial court which is thus not part of the record on appeal.").

6

dismissal of the adversary proceeding, but we lack jurisdiction to consider the purported appeal from the order denying her Motion to Vacate.

## ISSUES

(1) Whether Ms. Burns properly appealed from the order denying her Motion to Vacate.

(2) Whether the bankruptcy court erred in dismissing Ms. Burns' adversary proceeding.

## STANDARD OF REVIEW

We review for abuse of discretion the bankruptcy court's decision to deny the debtor's motion to set aside a dismissal for excusable neglect. Pioneer Inv. Servs. Co., 507 U.S. at 398. Similarly, we review for abuse of discretion the bankruptcy court's decision to decline to retain jurisdiction over an adversary proceeding following dismissal of the underlying bankruptcy case. In re Carraher, 971 F.2d at 328.

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.    We lack jurisdiction to consider the purported appeal from the denial of the Motion to Vacate.**

Rule 8003(a) provides that a party appealing a bankruptcy

court order must file a notice of appeal that conforms substantially to the appropriate Official Form and includes the judgment or order being appealed. In the present case, Ms. Burns only filed a notice of appeal in the adversary proceeding, not in the main bankruptcy case. Her notice of appeal only mentions the Adversary Dismissal Order and she only submitted a copy of the Adversary Dismissal Order in response to the BAP clerk's office query. She did not file a notice of appeal in the main case, mention the order denying the Motion to Vacate in her notice of appeal, or provide the BAP with a copy of that order.

However, the Ninth Circuit has stated that:

> When a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal, we consider: (1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake. In determining whether intent and prejudice are present, we apply a two-part test: first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue.

West v. United States, 853 F.3d 520, 523-24 (9th Cir. 2017) (internal citations and quotation marks omitted); see McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir. 1987) ("A mistake in designating the order being appealed is not fatal 'as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake.'" (citation omitted)).

We can "fairly infer" Ms. Burns' intent to appeal the order denying her Motion to Vacate. See West, 853 F.3d at 524 ("we have considered appeals from orders that weren't named in the NOA and were discussed only in appellate briefs"); One Indus., LLC v.

8

Jim O'Neal Distrib., Inc., 578 F.3d 1154, 1159 (9th Cir. 2009) (holding that "the appellee was 'not prejudiced by the mistake' and 'had notice of the issue on appeal'" when the central issue "was discussed extensively in [appellant's] opening brief on appeal"). Ms. Burns identifies issues on appeal that arise exclusively from the bankruptcy court's refusal to set aside the dismissal of her bankruptcy case. Similarly, in her opening brief, Ms. Burns states that she is appealing both the denial of the Motion to Vacate and the dismissal of the adversary proceeding, and she raises six arguments on appeal that concern the underlying bankruptcy case: (1) FNMA is not a real party in interest and did not have standing to foreclose on the Property; (2) FNMA and its attorneys created and recorded fraudulent conveyance documents concerning the foreclosure sale of the Property; (3) FNMA violated the automatic stay by attempting to evict Ms. Burns and other tenants from the Property; (4) the court abused its discretion by not considering Ms. Burns' excusable neglect for failing to appear at the meeting of creditors; (5) FNMA did not have standing to request that the court lift the automatic stay; and (6) the bankruptcy court should have issued a stay pending appeal.

But consideration of these issues would prejudice the chapter 13 trustee, who would be the appellee in an appeal from the denial of the Motion to Vacate. See West, 853 F.3d at 523-24. Based on the notice of appeal,[5] the trustee would have

---

[5] The notice of electronic filing attached to the notice of appeal indicates that the trustee received a copy of the notice
(continued...)

9

reasonably assumed that Ms. Burns was appealing only the dismissal of the adversary proceeding; therefore, the trustee had no reason to pay attention to the appeal. Ms. Burns did not make clear the scope of this appeal until she filed her opening brief before the BAP, and, as far as we can tell, Ms. Burns did not serve her brief on the trustee. Thus, we cannot say that the trustee had either notice of an appeal from the order denying the Motion to Vacate or that she had an opportunity to brief the issues.

Accordingly, because the chapter 13 trustee did not receive notice of the intended appeal in the bankruptcy case, we lack jurisdiction to consider Ms. Burns' appeal of the order denying the Motion to Vacate.[6]

---

[5](...continued)
of appeal.

[6] Even if we considered the merits of Ms. Burns' appeal from the denial of the Motion to Vacate, we would find no error. The court identified the correct legal standard, the Pioneer test for excusable neglect, and concluded that, even if the court vacated the dismissal, Ms. Burns would have no recourse: reinstatement of the case would not revive the automatic stay (which had been lifted and that decision was not appealed); Ms. Burns had no legal or equitable interest in the Property because FNMA obtained a prepetition unlawful detainer judgment and writ of possession; and she had no debt to reorganize in a chapter 13 case. The court also found unpersuasive her argument that her failure to attend the meeting of creditors was the product of excusable neglect. Ms. Burns failed to offer any specific facts explaining how FNMA's allegedly wrongful acts, her husband's health issues, or the state court litigation caused her to miss the meeting of creditors. She was able to litigate during that time period: ten days prior to the meeting of creditors, Ms. Burns filed documents in her bankruptcy case opposing FNMA's motion for relief from stay, and four days after the meeting of creditors, Ms. Burns initiated two adversary proceedings against FNMA. Additionally,
(continued...)

10

**B.   The bankruptcy court did not abuse its discretion in dismissing Ms. Burns' adversary complaint.**

The bankruptcy court cited the correct legal standard for dismissal of the adversary proceeding, and our independent review concludes that it did not misapply the law.  Accordingly, it did not abuse its discretion.

The Ninth Circuit has held that "courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed." In re Carraher, 971 F.2d at 328.  In Carraher, the Ninth Circuit laid out a four-part test to determine whether a court should retain jurisdiction over an adversary proceeding after the underlying bankruptcy case has been dismissed: "the court must consider economy, convenience, fairness and comity in deciding whether to retain jurisdiction over pendent state claims."  Id.; see also Zegzula v. JPMorgan Chase Bank, N.A. (In re Zegzula), BAP No. WW-14-1119-JuKiF, 2015 WL 5786572 (9th Cir. BAP Oct. 2, 2015) (holding that the bankruptcy court did not abuse its discretion in declining to retain jurisdiction over the adversary proceeding when it had previously dismissed the underlying bankruptcy case and found that considerations of judicial economy and fairness did not support the court's retention of jurisdiction over the adversary proceeding); Linkway Inv. Co., Inc. v. Olsen (In re Casamont Inv'rs, Ltd.), 196 B.R. 517, 523 (9th Cir. BAP

---

[6](...continued)
as the court told Ms. Burns multiple times, her contention that FNMA lacked standing or otherwise improperly foreclosed on the Property was not relevant to her bankruptcy case and needed to be addressed in state court.

11

1996) ("retention of jurisdiction was found to have been improper when the initiation of the dispute was recent, no action had been taken prior to the dismissal and the dispute concerned issues of probate law, in which the state courts had more expertise").

We discern no abuse of discretion with the bankruptcy court's decision to dismiss Ms. Burns' adversary proceeding. Nowhere does she address in her opening brief how the bankruptcy court erred by dismissing the adversary proceeding under the Carraher factors. Accordingly, these arguments are waived on appeal. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived); Wilcox v. Comm'r, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (arguments not raised on appeal by a pro se litigant are deemed abandoned).

Even if Ms. Burns had properly presented the issue, we would conclude that the court did not err.

First, judicial economy did not favor retention of the adversary proceeding. The adversary proceeding had not progressed beyond the complaint, and the issues raised by the adversary complaint are matters of state law that can be resolved expeditiously in state court. See In re Casamont Inv'rs, Ltd., 196 B.R. at 524.

Second, we have no indication that the dismissal of the adversary complaint would inconvenience either party.

Third, it was not unfair to require Ms. Burns to litigate her claims in the state court. The California superior court had already decided the unlawful detainer action and could have considered Ms. Burns' claims. See id. The bankruptcy court did

12

not credit Ms. Burns' argument that FNMA or its agents had violated the automatic stay, and the remaining claims were state court claims.

Finally, comity favors refusing jurisdiction over the adversary complaint. Ms. Burns' claims are straightforward issues of California state law that are best decided by the California state courts. See id. Moreover, the California superior court had already ruled in FNMA's favor on the unlawful detainer action.

Therefore, retention of jurisdiction over the adversary proceeding following the dismissal of the underlying bankruptcy case would have been an abuse of discretion. The bankruptcy court was correct to dismiss the adversary complaint.

## CONCLUSION

For the aforementioned reasons, we AFFIRM the Adversary Dismissal Order. We lack jurisdiction to consider an appeal from the denial of the Motion to Vacate; even if we did, we would conclude that the bankruptcy court did not err in denying the Motion to Vacate.

13