**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP KILLGORE, DBA Lavender Massage, | No.   20-55666 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00442-SVW-JEM |
| v. | |
| CITY OF SOUTH EL MONTE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 11, 2021
Pasadena, California

Before:  OWENS, R. NELSON, and BADE, Circuit Judges.

Phillip Killgore appeals from the district court's dismissal for failure to state

a 42 U.S.C. § 1983 claim arising from the City of South El Monte's revocation of

Killgore's conditional use permit ("CUP") to operate a massage center known as

Lavender Massage.  Killgore alleges that the City and several individual

defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights.  As

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the parties are familiar with the facts, we do not recount them here.  We affirm.[1]

1. This court has jurisdiction over both the December 19, 2019 and the April 24, 2020 dismissal orders.  Although Killgore did not mention the December 19, 2019 order in his notice of appeal, *see* Fed. R. App. P. 3(c)(1)(B), we "construe Rule 3 liberally when determining whether it has been complied with."  *West v. United States*, 853 F.3d 520, 523 (9th Cir. 2017) (citation omitted).  And we have "considered appeals from orders that weren't named in the [notice of appeal] and were discussed only in appellate briefs."  *Id.* at 524.  Killgore's opening brief clearly communicated his intent to appeal both orders dismissing his claims, and the City suffered no prejudice because it had an opportunity to respond in its answering brief.  *See id.*; *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 872 n.7 (9th Cir. 2004).

2. The district court properly dismissed Killgore's First Amendment retaliation claim.[2]

> To establish a First Amendment retaliation claim . . . , a plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.

---

[1] We resolve the Fourth Amendment claim in a concurrently filed opinion.

[2] Despite raising the argument below, Killgore does not contend on appeal that Municipal Code § 5.22.150(1) violates the First Amendment as vague and overbroad.

*Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006).  Killgore failed to sufficiently allege the last element, *i.e.*, he failed to show that his lawsuit was a "substantial or motivating factor" in the individual defendants' threats to enforce the local ordinance regulating massage therapy establishments by inspecting and issuing administrative citations following the revocation of Killgore's CUP.

3. The district court properly dismissed Killgore's Fourteenth Amendment procedural due process claim.  Killgore's allegation that the City Council hearing about revoking his CUP was biased based on a City councilmember's remarks did not sufficiently show actual bias or the appearance of bias.  *See Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995).  Not only were there substantial grounds to revoke Killgore's CUP, but a list of felony and misdemeanor convictions is often required in an application for a massage establishment permit.  *See* South El Monte Mun. Code § 5.22.050(a)(6)(ix), (d)(2)-(3).

4. The district court properly dismissed Killgore's Fourteenth Amendment equal protection claim.

> Where, as here, state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a "class of one" equal protection claim by demonstrating that [he] "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."

*Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (citation

3

omitted), *overruled on other grounds by Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005); *see also N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). Killgore did not allege any intentional discriminatory intent or impermissible motive against him. The City granted Killgore the CUP in compliance with state and local laws, and Killgore failed to allege any facts to rebut a presumption that the City had a rational and legitimate basis to issue and subsequently revoke his CUP for multiple violations.

5. The district court properly dismissed Killgore's Fifth Amendment takings clause claim. When evaluating a regulatory takings claim, we review several factors, including: (1) "[t]he economic impact of the regulation on the claimant"; (2) "the extent to which the regulation has interfered with distinct investment-backed expectations"; and (3) "the character of the governmental action." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). The first and third factors defeat Killgore's regulatory takings claim. He failed to allege that the City's revocation of his CUP prevented any other economically viable use of his property, *see Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018), and the City had a strong interest in regulating the massage industry and revoking Killgore's CUP after multiple violations.

On appeal, Killgore argues his Fifth Amendment takings claim involves factual issues that cannot be resolved on a motion to dismiss. But "[r]egulatory

4

takings claims . . . do not easily fit into a pre-ordained construct or little box; individualized scrutiny of such claims does not foreclose resolution on a motion to dismiss or a motion for summary judgment." *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 966 (9th Cir. 2003).

6. Killgore's mandamus claim under California Code of Civil Procedure section 1094.5 is barred by the statute of limitations because he did not serve the City in time. California Government Code section 65009 applies to conditional use permits and requires filing *and serving* the petition within 90 days. Cal. Gov't Code § 65009(c)(1)(E) (2014); *Weiss v. City of Del Mar*, 252 Cal. Rptr. 3d 424, 434 (Ct. App. 2019). The district court thus properly held Killgore's mandamus claim was time-barred, that notice to Killgore of the revocation was not defective, and that the statute of limitations was not tolled. *See* Cal. Gov't Code § 65009 (containing no requirement that the City provide notice of the limitations period or a specific form for such notice).

Killgore argues that this issue is governed by Federal Rule of Civil Procedure 4(m) which allows a district court to extend the time for service for "good cause." Fed. R. Civ. P. 4(m). But because state substantive law controls, *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011), and because state substantive law "includ[es] the state's statute of limitations," *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011),

5

Rule 4(m) is inapplicable.

Finally, Killgore argues that a motion for any alleged insufficiency of process must be made under Federal Rule of Civil Procedure 12(b)(5), not Rule 12(b)(6), and thus, the City waived this argument. But the issue is not insufficiency of process. Rather, it is whether the statute of limitations has passed, and that is properly addressed through a Rule 12(b)(6) motion. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).[3]

**AFFIRMED**.

---

[3] We do not reach Killgore's argument that the individual defendants are not entitled to qualified immunity or the City's argument that Killgore failed to exhaust his state remedies before bringing this suit thus barring his First, Fourth, and Fourteenth Amendment claims. Neither issue was addressed in the first instance by the district court. *See Friedman v. AARP, Inc.*, 855 F.3d 1047, 1057 (9th Cir. 2017).