NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL HOLLAND, | No. 21-16004 |
| Plaintiff-Appellant, | D.C. No. 19-cv-02545-SI |
| v. | MEMORANDUM* |
| ALLIED UNIVERSAL SECURITY SERVICES AND MARK HANKINS, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted July 29, 2022**
San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BAKER,*** International Trade Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Late at night, private security guards ("the guards") detected Paul Holland and another man and their vehicles just outside a fenced mall construction site, asked them to leave, and continued their patrol. Later, the guards found the men gone, but observed the vehicles still there, the construction site's security gate open with the lock severed, and bolt cutters on the front seat of one of the vehicles. The guards called the police and relayed all this information to them when they arrived.

When Holland and the other man then approached the vehicles, one guard told the police that he had seen them come out of the closed mall, and the other guard identified them as the men he had seen earlier near the two vehicles. In ensuing searches, the police discovered a headlamp in Holland's pocket, a cart filled with stolen tools just next to the gate with the cut lock, and two industrial-strength bolt cutters in Holland's vehicle. Although the men claimed that they had been elsewhere rather than inside the site, the police arrested them. The district attorney charged them with multiple crimes but later dropped the charges.

Holland then sued both the police and one of the guards and his employer in this 42 U.S.C. § 1983 action. The district court granted summary judgment to the police and the private defendants on Holland's malicious prosecution claim because

the police had probable cause.[1] Holland timely moved for reconsideration under Rule 60(b)(1) as to his claim against the private defendants, which the district court denied. Holland then timely appealed.

1. Holland's notice of appeal designates only the order denying his motion for reconsideration. His brief, however, states that he "appeals from the District Court's findings of fact and conclusions of law entered on March 24, 2021"—the summary judgment decision.[2] Appellees insist that an appeal from an order denying reconsideration cannot encompass the summary judgment decision.

Under the version of Federal Rule of Appellate Procedure 3 in effect when Holland appealed,[3] "[w]hen a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal, we consider: (1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake." *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018). "Intent" may be reasonably inferred from a party's brief, and when the appellant's brief fully discusses an order, the appellee has notice and an

---

[1] "The absence of probable cause is a necessary element of § 1983 . . . malicious prosecution claims." *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015).

[2] Holland's challenge to the district court's summary judgment decision in his brief is limited to his claim against the private defendants.

[3] An amendment to Rule 3 took effect December 1, 2021. We need not decide whether the amendment applies, as it effectively codified our decisions on this issue.

3

opportunity to respond, and thus is not prejudiced. *West v. United States*, 853 F.3d 520, 524 (9th Cir. 2017); *see also Lolli v. County of Orange*, 351 F.3d 410, 414–15 (9th Cir. 2003).

Because Holland's brief discusses the summary judgment decision, his timely appeal from the denial of his motion for reconsideration encompasses that decision. We review the summary judgment decision de novo and the denial of reconsideration for an abuse of discretion. *Lolli*, 315 F.3d at 414.

2. Holland argues that the guards could not have seen him come out of the mall because he claims he was elsewhere and argues that the police approached and questioned him due to allegedly false statements relayed to them.

Holland does not, however, challenge the district court's determination that probable cause independently existed to arrest the men even if the guards did not witness them leaving the mall. It is undisputed that the guards correctly identified Holland as one of the men who had been seen with the vehicles containing the bolt cutters. The allegedly false statement was not the "cause" of his arrest; therefore, his malicious prosecution claim against Appellees fails. *See Sullivan v. County of Los Angeles*, 527 P.2d 865, 871 (Cal. 1974) ("The test is whether the defendant was actively instrumental in causing the prosecution.") (cleaned up).

**AFFIRMED.**

4